IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

V.L., et al.,

       Plaintiffs,

  v.

JOHN A. WAGNER, Director of the California Department of Social Services; DAVID MAXWELL-JOLLY, Director of the California Department of Health Care Services; CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES; CALIFORNIA DEPARTMENT OF SOCIAL SERVICES,

       Defendants.
_____/

No. C 09-04668 CW

ORDER ON SUPPLEMENTAL NOTICE TO COUNTIES RE: PROVIDER TIME-CARDS FOR HOURS WORKED IN NOVEMBER, 2009

    On November 21, 2009, a notice was sent to all IHSS providers who may have been sent erroneous time cards indicating zero or fewer than authorized work hours for November.  That notice stated, "If you did not work all your normal hours in November but did not report all hours that you actually worked on your time card, you can make up those hours later in November or in December if your client needs extra hours, and then fill out the supplemental time card enclosed with this notice."  Defendants reviewed and did not object to the text of this notice before mailing.

    On Monday, November 23, the Court orally ordered that by Tuesday, November 24, Defendants notify counties of this notice and give counties instructions for honoring supplemental time-cards and

issuing supplemental pay checks, as necessary, for affected providers who received incorrect time cards.  A few hours after the November 23 hearing, Defendants' counsel drafted and sent to Plaintiffs' counsel a proposed notice to counties.  That proposed notice stated, "The notices also state that providers who did not work all of their normal hours in November because they received incorrect time cards may make up those hours later in November or December and submit supplemental time cards at that time . . . please ensure that the provider is properly paid as soon as possible, including issuing a supplemental paycheck if necessary."  Plaintiffs' counsel agreed to the proposed notice with minor editorial changes not relevant here.

On Tuesday, November 24, Defendants changed course and stated for the first time that the November 21 notices that were sent to providers were incorrect.  Defendants asserted that providers are not permitted to provide additional needed services to recipients in December that they did not provide in November because of an erroneous time-card.  Defendants suggested that they instead pay IHSS recipients for any hours that they had not received in November.  Defendant argue that "by law IHSS recipients may not receive, and providers may not receive payments for, any hours above what the recipient has been determined to need in a given month.  See generally, Cal. Welf. & Inst. Code § 12300(a); MPP §§ 30-761.13-14, 30-765.1-12, 30-765.14 and 30-769.91-911."  Defendants' Opposition at 2.

None of the authority cited by Defendants supports the position that providers cannot make up in December the hours not worked in November.  Further, none of the authority cited by

2

1  Defendants precludes this Court from ordering that providers be
2  permitted to make up hours in December that were not worked in
3  November.
4      Accordingly, Defendants shall send Plaintiffs' proposed form
5  of notice, attached as Appendix A to "Plaintiffs' Supplemental
6  Response in Support of Contempt Motion Re: Notice to Counties"
7  (Docket No. 249), to counties by Monday, November 30, 2009.  The
8  mailing shall include a copy of the November 21 notice to providers
9  and a blank copy of the supplemental time-card.
10     IT IS SO ORDERED.
11 Dated: 11/30/09

         CLAUDIA WILKEN
         United States District Judge