1
2
3
4

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

| | | |
|---|---|---|
| DAVID OSTER, *et al.*, | ) | Case No.: CV 09-04668 CW |
| | ) | |
| Plaintiffs | ) | **ORDER GRANTING APPLICATION** |
| | ) | **FOR TEMPORARY RESTRAINING** |
| v. | ) | **ORDER AND ORDER TO SHOW CAUSE** |
| | ) | **WHY A PRELIMINARY INJUNCTION** |
| WILL LIGHTBOURNE, Director of the California Department of Social Services; TOBY DOUGLAS, Director of the California Department of Health Care Services; CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES; and CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, | ) ) ) ) ) ) ) | **SHOULD NOT ISSUE** |
| Defendants | ) ) | |

1    Plaintiffs' application for a temporary restraining order and order to show cause why a
2 preliminary injunction should not issue came before this Court for consideration on December 1,
3 2011.  Upon consideration, and for good cause shown, IT IS HEREBY ORDERED that the TRO
4 application is GRANTED.

5    "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on
6 the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
7 balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.
8 Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).  Alternatively, "a preliminary
9 injunction could issue where the likelihood of success is such that serious questions going to the
10 merits were raised and the balance of hardships tips sharply in plaintiff's favor," so long as the
11 plaintiff demonstrates irreparable harm and shows that the injunction is in the public interest.
12 Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and
13 internal quotation and editing marks omitted).

14    A court employs a sliding scale when considering a plaintiff's showing as to the likelihood
15 of success on the merits and the likelihood of irreparable harm.  Id.  "Under this approach, the
16 elements of the preliminary injunction test are balanced, so that a stronger showing of one element
17 may offset a weaker showing of another."  Id.

18    In support of this Order, the Court makes the following findings.  Defendants' proposed
19 notices regarding the reduction in most In Home Supportive Services ("IHSS") recipients' service
20 hours and regarding Care Supplements raise serious questions of violations of the federal Due
21 Process Clause.  In addition, SB 73 also raises serious questions of violations of Title XIX of the
22 Social Security Act, 42 U.S.C. § 1396a ("the Medicaid Act"), the Americans with Disabilities Act
23 of 1990, 42 U.S.C. § 12312 ("ADA") or Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.
24 § 794 ("Section 504"), by placing IHSS recipients at imminent risk of unnecessary and unwanted
25 out-of-home placement, including in institutions such as nursing homes, board and care facilities,
26 and psychiatric hospitals; by discriminating on the basis of type of disability; and by using
27 methods of administration that will exclude individuals with disabilities from IHSS.  The potential
28

for IHSS recipients to apply for relief from the reductions mandated by SB 73 does not cure these defects.

The planned IHSS reductions, unless enjoined, will cause immediate and irreparable harm by placing members of the plaintiff class at imminent and serious risk of harm to their health and safety, as well as of unnecessary and unwanted out-of-home placement including institutionalization.

Plaintiffs have no adequate remedy at law.

Thus, serious questions going to the merits are raised and the balance of hardships tips sharply in Plaintiffs' favor. The balance of equities strongly favors Plaintiffs because Defendants' only interest is fiscal, whereas the plaintiff class faces life or death consequences. Plaintiffs have demonstrated irreparable harm and that the injunction is in the public interest.

The Court finds that no bond is necessary. *Temple Univ. v. White*, 941 F.2d 201, 220 (3d Cir. 1991); *Sherr v. Volpe*, 466 F.2d 1027, 1035 (7th Cir. 1972); *see also* Preliminary Injunction Order (Dkt. 198) at 29 (waiving bond requirement in this action because Plaintiffs "are indigent and to ensure their ability to access the courts on behalf of themselves and other class members").

Accordingly, IT IS HEREBY ORDERED that, pending an order by this Court as to whether a preliminary injunction should issue, Defendants, their officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with Defendants (referred to collectively hereinafter as "Defendants") are enjoined from taking any actions to implement the reduction in IHSS recipients' service hours mandated by SB 73.

IT IS FURTHER ORDERED that Defendants take all actions necessary to ensure that no IHSS consumers' hours are reduced because of SB 73 during the pendency of this injunction.

IT IS FURTHER ORDERED that Defendants refrain from making any changes to the Case Management, Information and Payrolling System ("CMIPS") to implement the reductions contemplated by SB 73.

IT IS FURTHER ORDERED that, to the extent Defendants have already taken any actions to implement those reductions, Defendants immediately undo any such actions. This includes, but

1   is not limited to, immediately undoing any changes to the Case Management, Information and
2   Payrolling System ("CMIPS") made to implement the reductions contemplated by SB 73.
3       IT IS FURTHER ORDERED that Defendants immediately rescind All-County Letter
4   (ACL) No. 11-81 and inform all counties that it has been rescinded and that the reductions in
5   IHSS recipients' service hours mandated by SB 73 have been enjoined.
6       IT IS FURTHER ORDERED that Defendants immediately halt issuance of any notices
7   (including but not limited to Notices of Action), letters, time sheets, e-mails, web postings, or any
8   other written materials to IHSS recipients or providers in any way suggesting that their authorized
9   hours have been or will be reduced as a result of SB 73, or as a result of any actions undertaken to
10  implement SB 73.
11      IT IS FURTHER ORDERED that, if Defendants have already issued any notices
12  (including but not limited to Notices of Action), letters, time sheets, e-mails, web postings, or any
13  other written materials to IHSS recipients or providers in any way suggesting that their authorized
14  hours have been or will be reduced as a result of SB 73, or as a result of any actions undertaken to
15  implement SB 73, Defendants immediately issue notices to those IHSS recipients or providers,
16  informing them that their authorized hours will not be reduced as a result of SB 73, or as a result
17  of any actions undertaken to implement SB 73, due to this injunction.  Any such notice shall be
18  accessible to recipients and/or providers whose primary language is not English, and/or who have
19  vision impairments.
20      IT IS FURTHER ORDERED that, within five business days from the date of this order,
21  Defendants shall serve and file a declaration verifying that they have complied with this order and
22  detailing what steps, if any, they have taken to do so.
23      IT IS FURTHER ORDERED that Plaintiffs' papers filed in support of their application for
24  a temporary restraining order shall be treated as Plaintiffs' moving papers for a preliminary
25  injunction.  Defendants may file and serve their opposition to Plaintiffs' request for a preliminary
26  injunction on or before December 7, 2011.  In the event that Defendants file their opposition by
27  that date, Plaintiffs may file a reply brief in support of their motion for preliminary injunction no
28

3
ORDER GRANTING TRO AND ORDER TO SHOW CAUSE
CASE NO. CV 09-04668 CW

1   later than December 9, 2011, and a hearing on Plaintiffs' request will be held on December 15,
2   2011 at 2:00 pm.
3         Alternatively, Defendants may file and serve their opposition to Plaintiffs' request for a
4   preliminary injunction at their convenience.  Plaintiffs shall file a reply brief in support of their
5   motion no later than two full court days thereafter.  A hearing on Plaintiffs' request for a
6   preliminary injunction will be scheduled for the first or second Thursday after Plaintiffs' reply is
7   filed, at 2:00 pm.  The temporary restraining order shall remain in effect until the day the hearing
8   is held.

10         IT IS SO ORDERED.

13   Dated:  December 1, 2011

                                            Honorable Claudia A. Wilken
                                            United States District Court Judge