1          IN THE UNITED STATES DISTRICT COURT

2         FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4    DAVID OSTER, et al.,                    No. C 09-4668 CW

5          Plaintiffs,                       ORDER GRANTING
                                             PLAINTIFFS' MOTION
6       v.                                   FOR CLASS
                                             CERTIFICATION
7    WILL LIGHTBOURNE, Director of the       (DOCKET No. 356)
     California Department of Social
8    Services; TOBY DOUGLAS, Director
     of the California Department of
9    Health Care Services; CALIFORNIA
     DEPARTMENT OF HEALTH CARE
10   SERVICES; and CALIFORNIA
     DEPARTMENT OF SOCIAL SERVICES,
11
          Defendants.
12   _____/

13

14        This action arises from two provisions of California law,

15   ABX4 4 and SB 73, which mandate reductions to the State's In Home

16   Support Services (IHSS) Program for elderly and disabled persons.

17   Plaintiffs have moved for class certification, pursuant to Federal

18   Rule of Civil Procedure 23(a) and (b)(2).  Docket No. 356.

19   Plaintiffs also seek the appointment of class representatives and

20   class counsel.  Defendants oppose the request for class

21   certification and object to certain proposed class

22   representatives.  Having reviewed all of the parties' submissions

23   and heard oral argument, the Court grants Plaintiffs' motion.

24                            BACKGROUND

25        Plaintiffs seek certification of Class A for the First,

26   Second, Third, Fourth, Fifth and Seventh Claims, defined as,

27        All recipients of IHSS in the State of California
          whose IHSS services will be limited, cut, or
28        terminated under the provisions of ABX4 4, and all

United States District Court
For the Northern District of California

> applicants to IHSS in the State of California who
> would have been eligible for IHSS services but who are
> either not eligible, or are eligible for fewer
> services, as a result of ABX4 4.

The proposed class representatives for Class A are Named

Plaintiffs David Oster, C.R., Dottie Jones, L.C. and Charles

Thurman.

Plaintiffs also seek to certify Class B for the First,

Second, Third, Fourth, Fifth, Sixth and Seventh claims for relief,

defined as,

> All recipients of IHSS in the State of California who
> have received or will receive notices of action that
> include a reduction of IHSS hours based on SB 73 or
> Defendants' implementation of SB 73, including future
> applicants for IHSS services whose notice of action
> will reflect reduced IHSS hours as a result of SB 73
> or Defendants' implementation of SB 73.

The proposed class representatives for Class B are Named

Plaintiffs Andrea Hylton, Helen Polly Stern, L.C., and Charles

Thurman.

The Sixth Claim in the operative complaint is brought

pursuant to the Medicaid Act's requirement that states provide

"sufficient benefits."  Part A of that claim alleges that ABX4 4

violates the sufficiency requirement by terminating or reducing

IHSS domestic and related services to individuals for whom such

services have been deemed necessary pursuant to an individual

service plan approved by the State.  The Sixth Claim, Part A, is

alleged on behalf of Loss of Domestic and Related Services

Subclass A.  Accordingly, Plaintiffs seek certification of Loss of

Domestic and Related Services Subclass A, based on Part A of the

Sixth Claim, defined as,

**United States District Court**
For the Northern District of California

> All present and future IHSS recipients and applicants who have been or would have been authorized to receive domestic and/or related IHSS, and whose IHSS will be reduced to eliminate some or all of their domestic and/or related services under the provisions of ABX4 4.

The proposed class representatives for Loss of Domestic and Related Services Subclass A are Named Plaintiffs Dottie Jones and Charles Thurman.

The Eighth Claim in the operative complaint pertains to the provisions of the Medicaid Act under which Early Periodic Screening, Diagnostic and Treatment (EPSDT) for children and youth under age twenty-one is a mandatory Medicaid service.  The Eighth Claim contains Part A, alleging that ABX4 4 fails to ensure that Medi-Cal recipients under the age of twenty-one receive medically necessary personal care services required by the EPSDT provisions of the Medicaid Act.  Accordingly, Plaintiffs propose a Children Subclass A, based on Part A of the Eighth Claim for relief, defined as,

> All present or future IHSS recipients who are under the age of 21, who qualify for full-scope Medi-Cal with federal financial participation, and who therefore are entitled to the protections of the Early Periodic Screening Diagnosis and Treatment provisions of the federal Medicaid Act, 42 U.S.C. § 1396a(a), who have been or would have been authorized to receive IHSS, and whose IHSS services will be reduced or terminated under the provisions of ABX4 4.

The proposed class representatives for Children Subclass A are Named Plaintiffs C.R. and L.C.

Part B of the Eighth Claim alleges that SB 73 violates the EPSDT provisions of the Medicaid Act by failing to ensure that Medi-Cal recipients under the age of twenty-one receive medically

3

necessary personal care services as required by the EPSDT provisions of the Medicaid Act.  Accordingly, Plaintiffs seek certification of Children Subclass B, based on Part B of the Eighth claim for relief, defined as,

> All present or future IHSS recipients who are under the age of 21, who qualify for full-scope Medi-Cal with federal financial participation, and who therefore are entitled to the protections of the Early Periodic Screening Diagnosis and Treatment provisions of the federal Medicaid Act, 41 U.S.C. § 1396a(a), who have received or will receive notices of action that include a reduction of IHSS hours based on SB 73 or Defendants' implementation of SB 73, including future applicants for IHSS services whose notice of action will reflect reduced IHSS hours as a result of SB 73 or Defendants' implementation of SB 73.

The proposed class representative for Children Subclass B is Named Plaintiff L.C.

Pursuant to Federal Rules of Civil Procedure 23(g)(1) and 23(c)(1)(B), Plaintiffs seek appointment of the law firms of Disability Rights California, Disability Rights Legal Center, Law Offices of Charles Wolfinger, National Health Law Program, and the National Senior Citizens Law Center as class counsel to represent the Classes and Subclasses defined above.

LEGAL STANDARD

Plaintiffs seeking to represent a class must satisfy the threshold requirements of Rule 23(a) as well as the requirements for certification under one of the subsections of Rule 23(b). Rule 23(a) provides that a case is appropriate for certification as a class action if: "(1) the class is so numerous that joinder

of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).

Rule 23(b) further provides that a case may be certified as a class action only if one of the following is true:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
>> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>>
>> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:
>
>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>>
>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

United States District Court
For the Northern District of California

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

Plaintiffs seeking class certification bear the burden of demonstrating that each element of Rule 23 is satisfied, and a district court may certify a class only if it determines that the plaintiffs have borne their burden. <u>Gen. Tel. Co. of Sw. v. Falcon</u>, 457 U.S. 147, 158-61 (1982); <u>Doninger v. Pac. Nw. Bell, Inc.</u>, 564 F.2d 1304, 1308 (9th Cir. 1977). The court must conduct a "'rigorous analysis,'" which may require it "'to probe behind the pleadings before coming to rest on the certification question.'" <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541, 2551 (2011) (quoting <u>Falcon</u>, 457 U.S. at 160-61). "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." <u>Dukes</u>, 131 S. Ct. at 2551. To satisfy itself that class certification is proper, the court may consider material beyond the pleadings and require supplemental evidentiary submissions by the parties. <u>Blackie v. Barrack</u>, 524 F.2d 891, 901 n.17 (9th Cir. 1975).

DISCUSSION

Defendants request that the Court defer ruling on Plaintiffs' motion for class certification until resolution of an appeal of this Court's first preliminary injunction. On October 19, 2009, the Court enjoined Defendants' implementation of ABX4 4, which

United States District Court
For the Northern District of California

amended sections 12309(e) and 12309.2 of the California Welfare and Institutions Code to terminate from eligibility for IHSS services those recipients with Functional Index Scores of less than 2.0 and to eliminate domestic and related services for recipients with functional ranks of less than 4 for those services.  On October 23, 2009, the Court issued an order explaining its reasons for granting the injunction.  The October 23, 2009 order reviewed the merits of Plaintiffs' claims that ABX4 4 violated the Medicaid Act, the Americans with Disabilities Act (ADA) and the Rehabilitation Act, as well as the due process clause of the Constitution.  Defendants argue that a determination of the appeal will assist the Court's analysis under Rule 23, which requires some consideration of the merits of Plaintiffs' underlying claims.  Dukes, 131 S. Ct. at 2551.

The Court declines Defendants' request.  Plaintiffs seek a second preliminary injunction granting class-wide relief, which necessitates the Court's resolution of whether class certification is appropriate.  M.R. v. Dreyfus, 663 F.3d 1100, 1121 (9th Cir. 2011) (noting that, subject to certain exceptions, without a properly certified class, a court cannot grant relief on a class-wide basis.).  When granting the first preliminary injunction, the Court declined to resolve whether class certification was appropriate.  Since then, the Ninth Circuit has clarified that the Court must address the issue now.

Defendants argue that certification of Class B should be denied because Class B Plaintiffs' claims are not ripe for adjudication.  For purposes of Article III standing, "the plaintiff must have suffered an injury in fact, which is an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  Defendants assert that, under the related doctrine of ripeness, Class B claims rest on contingent future events.

First, Defendants point out that individuals who receive IHSS services under certain specified Medi-Cal Home and Community Based Waiver programs or who meet certain pre-approval criteria will not have their hours reduced.  According to the November 29, 2011 letter that Defendant California Department of Social Services sent to all of the counties (All County Letter or ACL), these individuals will not receive a notice that they will be subjected to the reduction in hours.  Therefore, these individuals will not be members of Class B and their standing is not at issue.  It is true that Oster and Jones, who receive IHSS services under specified waiver programs and will not receive a notice of reduced hours, are not suitable as representatives for Class B.  Although Plaintiffs initially sought appointment of Oster and Jones as class representatives for Class B, they now propose only Hylton, Stern, L.C., and Thurman.

Defendants also argue that certain putative members of Class B will qualify as being at serious risk of out-of-home placement, and, therefore, will presumptively qualify for a restoration of their hours upon their submission of a Supplemental Care application.  In light of this fact, Defendants contend the claims of these putative members of Class B are unripe and the class itself is overbroad.  Members of Class B have ripe claims because the injury is the initial notice and imposition of the hours reduction, as provided for in the notices they were slated to receive.  If the putative class members do not submit a request for Supplemental Care, even those who presumptively qualify for a restoration of hours will have their hours cut.  Thus, the availability of the Supplemental Care application does not negate the injury due to the notice of hours reduction.  Furthermore, Class B is not overbroad because it is limited to those who have or will receive notice that they are subject to the cuts.

Defendants dispute that Class B satisfies the commonality requirement because the class is not reasonably ascertainable. Defendants argue that it will not be clear who has suffered an injury until members of Class B complete the Supplemental Care application, the fair hearing process and "presumably all rights under California Code of Civil Procedure section 1094.5."  This argument does not take into account Class B's injury.  The injury suffered by members of Class B is based on the notice and imposition of the impending twenty percent reduction in services,

United States District Court
For the Northern District of California

not the later denial of a request for Supplemental Care to restore hours of services lost.  By definition, members of Class B are IHSS recipients, as well as future IHSS recipients, who have received or will receive notices of action that indicate that their IHSS hours will be reduced by twenty percent based on SB 73 or Defendants' implementation of SB 73.  Therefore, the injury is common to all members of Class B.

Defendants assert that under Walmart v. Dukes, 131 S. Ct. 2541 (2011), Plaintiffs cannot show that members of Class B suffered the same injury.  This case is readily distinguishable from Dukes.  There, the Supreme Court had to determine whether a common practice of discrimination existed under the employers' policy that gave discretion to managers to select candidates for promotion.  Here, there is no question that SB 73 institutes a twenty percent reduction in IHSS hours for individuals who are not exempt or pre-approved for an exception to the reduction.  That recipients may request restoration of the hours through the Supplemental Care application process does not destroy the commonality of the injury.  Furthermore, the application process, as evidenced by the worksheet and the ACL, does not afford discretion to social workers to restore hours to recipients who do not meet certain criteria related to their functional rankings.  Class litigation is a permissible method for Plaintiffs to seek a resolution of the common questions regarding whether SB 73 violates the ADA, the Rehabilitation Act or the Medicaid Act and

whether the notices comport with due process requirements.  For purposes of Class B, Plaintiffs have demonstrated commonality under Federal Rule of Civil Procedure 23.

Finally, Defendants assert that any claims of Children Subclass B are moot.  According to Eileen Caroll, Deputy Director of the Adult Programs Division of the California Department of Social Services, all IHSS recipients who receive EPSDT services, which includes all IHSS recipients under twenty-one years old, are pre-approved for exemption from the reduction in services.  The Court, however, declines to find the claims of this subclass moot because there is no indication that the EPSDT exemption is legally binding on the counties by virtue of statutory or regulatory law, or otherwise.  Ms. Carroll's declaration was given for purposes of litigation and does not appear to be binding on Defendants.

CONCLUSION

Plaintiffs' motion for class certification and appointment of class representatives and class counsel is granted.  Docket No. 356.  The claims and subclasses are certified as defined above. The class representatives and class counsel identified above are appointed.

Class A is certified as of October 19, 2009, when this Court granted Plaintiffs' motion for preliminary injunction as to ABX4 4 reductions to IHSS.  Class B is certified as of December 1, 2011, when this Court granted Plaintiffs' motion for a temporary

United States District Court
For the Northern District of California

11

restraining order as to the reductions in IHSS services imposed by SB 73.

These classes are certified to pursue Plaintiffs' First through Eighth Claims for injunctive and declaratory relief under the due process clause of the United States Constitution, the Medicaid Act, and the ADA, and § 504 of the Rehabilitation Act.

IT IS SO ORDERED.

Dated: ĞĐGĐGĐGĐFG

CLAUDIA WILKEN
United States District Judge